**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **LANA N. PERKINS and** | ) | |
| **CARLOS J. URRUTIA** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-cv-02216-STA-dkv** |
| | ) | |
| **CHARLES "CHIP" L. CARROLL, III, and** | ) | |
| **HOTEL SYSTEMSPRO, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO REMAND AND**
**DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES**

Before the Court is Plaintiffs Lana N. Perkins ("Perkins") and Carlos J. Urrutia's ("Urrutia") (collectively "Plaintiffs") Emergency Motion to Remand and Request for Attorneys' Fees (D.E. # 4), filed on March 29, 2011.  For the reasons set forth below, the Motion to Remand is **GRANTED** and the Request for Attorneys' Fees is **DENIED**.

**BACKGROUND**

On March 16, 2011, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief in the Chancery Court of Shelby County, Tennessee against Charles L. Carroll ("Carroll") and Hotel SystemsPro, LLC ("HSP") (collectively "Defendants").  (D.E. # 1.)  Among the relief requested, Plaintiffs seek a declaratory judgment "setting forth the rights and interests that Perkins, Urrutia, and Carrol hold in HSP, including what percentage interest each member holds and what powers each has," a restraining order "preventing Carroll from: excluding Perkins and

1

Urrutia from the control of HSP's funds; excluding Perkins and Urrutia from HSP's management and operations (including prohibiting Urrutia from exercising his rights and power as co-manager); excluding Perkins and Urrutia from the company's offices in Atlanta, Georgia; excluding Perkins and Urrutia from exercising equal authority with Carroll to direct the operations of HSP; taking unilateral action absent approval from Perkins and/or Urrutia; and/or operating HSP inconsistently with its ordinary course of business prior to the dispute;" and a temporary and permanent injunction that "extends the above-requested restraining order; that requires at least two signatures from Perkins, Urrutia, or Carroll be obtained for every check issued by HSP; and that directs Carroll to turn over HSP's source code to a third-party bailor[.]"

On March 24, 2011, Carroll filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  HSP consented to and joined in the removal.  In the Notice of Removal, Carroll stated that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The Notice further asserted that Perkins is a citizen of the State of Tennessee, Urrutia is a citizen of the State of Tennessee, Carroll is a citizen of the State of Georgia, and HSP is incorporated in the State of Georgia and has its principal place of business in Georgia.

On March 29, 2011, Plaintiffs' filed this Emergency Motion to Remand and Request for Attorneys' Fees.  In the Motion, Plaintiffs state that the Court should remand this matter to state court because complete diversity does not exist, and, thus, this Court has no subject matter jurisdiction.  Plaintiffs contend that limited liability companies are citizens of their members' states for purposes of diversity jurisdiction, and, because Perkins is a member of HSP, Perkins and HSP are necessarily citizens of the same state.  And, for that reason, Plaintiffs state that

complete diversity does not exist.  Additionally, the Plaintiffs argue that the Court should also award Plaintiffs their attorney's fees and costs under § 1447(c).

On April 1, 2011, Carroll then filed an Amended Notice of Removal.  (D.E. # 7.)  In this Notice, Carroll asserts that HSP "should not be considered when determining diversity of citizenship because HSP has been improperly joined."

On April 4, 2011, HSP filed a Response in Opposition to Plaintiffs' Motion to Remand and Request for Attorneys Fees.  (D.E. # 8.)  In the Response, HSP argues that "[s]ince there are no claims against the company, and since the company is not a necessary party, this Court should find that the Company is not a proper party and should be dropped" pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21").  HSP asserts that when courts assess the citizenship of parties for the purposes of exercising removal jurisdiction, that courts often disregard any misjoined parties under either "procedural misjoinder" or "fraudulent misjoinder."[1] HSP notes that there are two ways to establish improper joinder: (1) via actual fraud in pleading jurisdictional facts, or (2) inability of plaintiff to establish a cause of action against the non-diverse party in state court.  Here, HSP states that Plaintiffs simply have not made any claims against HSP.  Additionally, HSP states that it is not a proper party because the claims are direct claims for special injury caused to the Plaintiffs, compared to derivative injuries to the company. Consequently, HSP argues that this matter should not be remanded to state court.  Moreover, HSP asserts that it had an objectively reasonable basis for seeking the removal, and, as such, this Court should deny Plaintiff's motion for attorneys' fees.

---

[1]  In the hearing held on this matter on April 5, 2011, Defendants' counsel noted that they were alleging only "procedural misjoinder" in this matter.

3

On April 5, 2011, the Court held a hearing on the matter.

ANALYSIS

Defendants assert that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Section 1332 states that diversity jurisdiction exists in civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.[2] Importantly, a defendant removing a case to federal court on the basis of diversity of citizenship jurisdiction has the burden of proving these jurisdictional requirements exist at the time of removal.[3]  The Sixth Circuit has further noted that "[a]ll doubts as to the propriety of removal are resolved in favor of remand."[4]

As stated above, Plaintiffs argue that diversity does not exist between Perkins and HSP. Plaintiffs note, and the Court agrees, that HSP all but concedes that diversity does not exist between Plaintiffs and HSP.  The Court agrees with the Plaintiffs.  From the face of the Complaint, complete diversity does not exist.  Limited liability companies have the citizenship of each partner or member.[5]  Perkins is a member of HSP, a limited liability company; therefore, Perkins and HSP are necessarily citizen of the same state.  Consequently, on the face of the Complaint, complete diversity does not exist.

Defendants, however, in their Amended Notice of Removal, assert that HSP is not a proper party in this matter and, thus, should not be considered for diversity purposes.  Defendants

---

[2]  28 U.S.C. § 1332.

[3]  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

[4]  *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

[5]  *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

state that Plaintiffs simply have not made any claims against HSP; rather, Defendants state that this a case regarding the ownership and control over HSP.  Plaintiffs dispute that assertion.  The Court notes that in the Complaint, Plaintiffs do request that the Court issue a declaratory judgment setting forth the rights and interests that Perkins, Urrutia, and Carroll hold in HSP; however, the Court points out that this is not the only request for relief.  Plaintiffs, among a few other requests, also request that the Court issue a temporary and permanent injunction that requires at least two signatures from Perkins, Urrutia, or Carroll be obtained for every check issued by HSP and that directs Carroll to turn over HSP's source code to a third-party bailor.

The Court finds that the above mentioned request for injunctive relief–specifically, Plaintiffs seeking the Court to require HSP having at least two signatures on every check issued and to require Carroll turn over HSP's source code–are claims against HSP.  Therefore, at this stage in the litigation, the Defendants have not met their burden in showing that Plaintiffs have not made claims against HSP.  Therefore, the Court finds HSP to be a proper party.

In summary, as noted above, Defendants have the burden of establishing the grounds for federal jurisdiction because Defendants removed the case from state court.  On the face of the complaint, complete diversity does not exist because Perkins and HSP are necessarily citizens of the same state.  Additionally, Defendants have not established to the Court's satisfaction that Plaintiffs have not made any claims against HSP.  Therefore, this Court does not have subject matter jurisdiction in this matter.  Consequently, the Motion to Remand is granted and the Court orders the matter remanded to state court.

Plaintiffs', in their Motion to Remand, also request attorneys' fees pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) notes that "[a]n order remanding the case may require payment of just

costs and actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[6] Moreover, the Sixth Circuit has instructed that "an award of costs, including attorneys fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove."[7] Here, the Court finds that Defendants' attempt to remove the action was "fairly supportable" and objectively reasonable, even though it was not successful. Therefore, the Court finds that Plaintiffs request for attorneys' fees should be denied.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' Motion to Remand is **GRANTED** and the Request for Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 14, 2011.

---

[6]  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

[7]  *Warthman v. Genoa Township Bd. of Trustees,* 549 F.3d 1055, 1059-60 (6th Cir. 2008) (emphasis in original).